| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

JACOB JONES, Individually and On Behalf of All Others Similarly Situated, §§§§§

*Plaintiff(s)*,

v.   §§§§   No. _____

WORLDWIDE OILFIELD MACHINE, INC.,

*Defendant(s)*.

# PLAINTIFF JACOB JONES'S ORIGINAL COMPLAINT

Plaintiff Jacob Jones (referred to as "Jones") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and/or former employees of Defendant Worldwide Oilfield Machine, Inc. (referred to as "WOM") who were paid a fixed sum—a salary—regardless of the number of hours they worked and who were employed as subsea supervisors during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I. Nature of Suit

1. Jones's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. WOM violated the FLSA by employing Jones and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. WOM willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Jones brings this action under 29 U.S.C. § 216(b) individually and on behalf of all similarly situated current and/or former employees of WOM (defined below) to recover back wages, liquidated damages, attorney's fees and costs under the FLSA.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because WOM resides in this district and division. 28 U.S.C. § 1391(b)(1).

### III. Parties

9.     Jones is an individual who resides in Galveston County, Texas and who was employed by WOM during the last three years.

10.    WOM is a Texas corporation that may be served with process by serving its registered agent:

> Sudhir Puranik
> 11809 Canemont Street
> Houston, Texas 77035

Alternatively, if the registered agent of WOM cannot with reasonable diligence be found at the company's registered office, WOM may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.    An allegation that WOM committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of WOM or was done in the normal course and scope of employment of WOM's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12. According to its website, WOM is "a vertically integrated, multinational oilfield equipment manufacturer specializing in custom solutions for the drilling, testing, production and intervention segments of the oil and gas industry."

13. WOM does business in the territorial jurisdiction of this Court.

14. WOM employed Jones from May 2013 to September 2021.

15. WOM employed Jones as a subsea supervisor.

16. As a subsea supervisor, Jones was responsible for performing mechanical work on intervention riser systems including (for example, installation, preventative maintenance, conducting pressure tests, rebuilding valves, etc.).

17. During Jones's employment with WOM, he was engaged in commerce or in the productions of goods for commerce.

18. During Jones's employment with WOM, the company had employees engaged in commerce or in the production of goods for commerce.

19. During Jones's employment with WOM, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20. During Jones's employment with WOM, the company had an annual gross volume of sales made or business done of at least $500,000.

21. WOM paid Jones on a salary basis.

22. WOM paid Jones on a semimonthly basis by direct deposit.

23. During Jones's employment with WOM, he regularly worked in excess of forty hours per week.

24. WOM knew or should have known that Jones worked in excess of forty hours per week.

25. WOM did not pay Jones for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

26. Instead, WOM paid Jones a fixed sum—a salary—regardless of the number of hours he worked.

27. Jones was not exempt from the maximum hour requirements of the FLSA.

28. As a subsea supervisor, Jones's primary duties were nonexempt.

29. As a subsea supervisor, Jones's primary duties did not include office or nonmanual work.

30. As a subsea supervisor, Jones's primary duties were not directly related to the management or general business operations of WOM or its customers.

31. As a subsea supervisor, Jones's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

32. As a subsea supervisor, Jones did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

33. As a subsea supervisor, Jones was, instead, required to follow WOM's policies, practices and procedures.

34. As a subsea supervisor, Jones did not have any independent authority to deviate from WOM's policies, practices and procedures.

35. WOM knew or should have known that Jones was not exempt from the maximum hour requirements of the FLSA.

36. WOM willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

37. During Jones's employment with WOM, the company did not maintain accurate time and pay records for Jones as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

38. During Jones's employment with WOM, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

39. WOM continued the pay practice(s) complained of by Jones without investigation after being put on notice that the pay practice(s) violated the FLSA.

40. Prior to this lawsuit, WOM conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Jones.

41. Because WOM willfully violated the FLSA, the company is liable to Jones for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

42. As a result of the FLSA violation(s) described above, WOM is liable to Jones for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

43. All subsea supervisors who were paid on a salary basis and employed by WOM during the last three years are similarly situated to Jones because (1) they have similar job duties; (2) they regularly worked or work in excess of forty hours per week; (3) they were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) they are entitled to recover back wages, liquidated damages and attorney's fees and costs from WOM under 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

44. Jones adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

45. During Jones's employment with WOM, he was a nonexempt employee.

46. As a nonexempt employee, WOM was legally obligated to pay Jones "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

47. WOM did not pay Jones "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

48. Instead, WOM paid Jones a fixed sum—a salary—regardless of the number of hours he worked.

49. If WOM classified Jones as exempt from the maximum hour requirements of the FLSA, he was misclassified.

50. As a result of the FLSA violation(s) described above, WOM is liable to Jones for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

51. Jones adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

52. WOM willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

53. During Jones's employment with WOM, the company did not maintain accurate time and pay records for Jones as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

54. During Jones's employment with WOM, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

55. WOM continued the pay practice(s) complained of by Jones without investigation after being put on notice that the pay practice(s) violated the FLSA.

56. Prior to this lawsuit, WOM conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Jones.

57. Because WOM willfully violated the FLSA, the company is liable to Jones for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
## Collective-Action Allegations Under 29 U.S.C. § 216(b)

58. Jones adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

59. On information and belief, other employees of WOM have been victimized by the FLSA violation(s) described above.

60. These employees are similarly situated to Jones because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

61. WOM's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the members of the Overtime Collective (defined below).

62. Since Jones's experiences are typical of the experiences of the members of the Overtime Collective (defined below), collective-action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

63. For these reasons and in accordance with 29 U.S.C. § 216(b), Jones requests that the Court authorize notice regarding the pendency of this case and the right to join it to the following collective(s):

> All subsea supervisors employed by WOM during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid a fixed sum—a salary—regardless of the number of hours they worked (the "Overtime Collective").

64. WOM is liable to Jones and the members of the Overtime Collective for back wages equal to the difference between what the company should have paid and what it actually paid.

65. Jones has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation (including class actions, collective actions, and multidistrict litigation); Jones and his counsel are committed to prosecuting this action vigorously on behalf of him and the members of

the Overtime Collective, have the financial resources to do so and do not have interests that are contrary to or that conflict with those of the proposed collective(s).

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

66. Jones adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

67. Jones is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

68. Jones is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

69. Jones has retained the professional services of the undersigned attorneys.

70. Jones has complied with the conditions precedent to recovering attorney's fees and costs.

71. Jones has incurred or may incur attorney's fees and costs in bringing this lawsuit.

72. The attorney's fees and costs incurred or that may be incurred by Jones were or are reasonable and necessary.

73. WOM is liable to Jones and the members of the Overtime Collective for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

74. Jones demands the following relief:

    a. an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join it to the Overtime Collective;

    b. an order appointing Jones representative of the Overtime Collective;

    c. an order appointing MOORE & ASSOCIATES counsel for the Overtime Collective;

    d. an incentive award for Jones for serving as representative of the Overtime Collective if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    e. judgment against WOM in Jones's favor both individually and on behalf of the members of the Overtime Collective for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    f. all other relief and sums that may be adjudged against WOM in Jones's favor both individually and on behalf of the members of the Overtime Collective.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street | Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: s/ Melissa Moore
    Melissa Moore
    Tex. Bar No. 24013189
    S.D. Tex. Bar No. 25122
    melissa@mooreandassociates.net
    Curt Hesse
    Tex. Bar. No. 24065414
    S.D. Tex. Bar No. 968465
    curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**